# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ANTHONY J. LACASSIN

NO. 2019 KW 0536

JAN 1 5 2020

---

In Re:    Anthony J. Lacassin, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 07-FELN-022477.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND McDONALD, JJ.**

**WRIT DENIED.**

JMM

**Whipple, C.J.,** concurs and would deny the writ on the showing made.

**Guidry, J.,** dissents. The indictment indicated the dates of the offense were between January 1, 2005 and December 31, 2005. Thus, if commission of the crime took place in 2005, then the maximum sentence of seven years under La. R.S. 14:81(C) (pre-2006 amendment) is applicable to relator's case. Even with the guilty plea and the State's reduction of the charge from aggravated rape to indecent behavior with juveniles, the sentencing scheme for the reduced charge at the time the crime was committed still controls. As such, relator's twenty-five-year sentence constitutes a violation of the ex post facto clauses of both the state and federal constitutions, and requires vacating the sentence and remanding for a new sentence. See **State v. Babineaux,** 2016-0694 (La. 4/24/17), 217 So.3d 329 (per curiam); **State v. Modisette,** 50,846 (La. App. 2nd Cir. 9/28/16), 207 So.3d 1108, 1111-12.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT